No. 23-3130
[NO. 2:20-cv-00923-LK, USDC, W.D. Washington]

_____

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Defendant-Appellee,

v.

FREDERICK W. RICHARDSON,

Plaintiff-Appellant.

_____

**ANSWERING BRIEF OF UNITED STATES**

_____

Appeal from the United States District Court
for the Western District of Washington at Seattle
The Honorable Lauren J. King
United States District Judge

_____

TESSA M. GORMAN
United States Attorney
Western District of Washington

KRISTIN B. JOHNSON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: 206-553-7970

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................. 1

ISSUES PRESENTED ...................................................................... 3

I.   Whether the district court correctly concluded that it lacked subject matter jurisdiction to review Richardson's challenges to the OWCP's benefit determinations. ........................................... 3

II.  Whether the district court correctly concluded that Richardson's due process claim was moot because there was no further relief the court could provide ......................................... 3

III. Whether the district court correctly concluded that Richardson failed to state a claim against the individual defendants. ........................................................................... 4

STATEMENT OF JURISDICTION ................................................. 4

STATEMENT OF FACTS AND PROCEDURE ................................. 4

I.   Richardson is injured on the job and receives federal workers compensation benefits for 24 years ................................... 4

II.  Richardson seeks to expand his claim for benefits to add other conditions and related medical expenses ......................... 5

III. Richardson files suit in District Court ..................................... 6

IV.  The OWCP denies Richardson's requests to add the additional medical conditions to his claim ................................... 7

V.   The Court dismisses the amended complaint and Richardson files a second amended complaint ................................ 9

VI.   The Court dismisses the second amended complaint
      and Richardson files a notice of appeal .........................................11

SUMMARY OF ARGUMENT ...................................................................12

STANDARD OF REVIEW.........................................................................13

ARGUMENT ...............................................................................................14

I.    The Court should affirm the dismissal of Richardson's
      second amended complaint ...........................................................14

      A.    The district court lacked jurisdiction to review
            the OWCP's benefit determinations .....................................14

      B.    The district court lacked jurisdiction to review
            Richardson's due process claim because it was
            moot .....................................................................................16

      C.    Richardson failed to state a claim against the
            individual defendants ..........................................................21

CONCLUSION ..........................................................................................23

CERTIFICATE OF COMPLIANCE

STATEMENT OF RELATED CASES

# TABLE OF AUTHORITIES

## Federal Cases

*Bivens v. Six Unknown Fed. Narcotics Agents*,
  403 U.S. 388 (1971) ..................................................................22

*Church of Scientology v. United States*,
  506 U.S. 9 (1992) ...................................................................17

*City of Los Angeles v. Lyons*,
  461 US. 95 (1983) ..................................................................19

*Ctr. For Biological Diversity v. Lohn*,
  511 F.3d 960 (9th Cir. 2007) ...........................................19, 20

*Czerkies v. U.S. Sec'y of Labor*,
  73 F.3d 1435 (7th Cir. 1996) ...........................................15, 18

*Egbert v. Boule*,
  596 U.S. 482 (2022) ..............................................................22

*Greenwood v. FAA*,
  28 F.3d 971 (9th Cir. 1994) ..................................................22

*Honig v. Doe*,
  484 U.S. 305 (1988) ..............................................................17

*Kentucky v. Graham*,
  473 U.S. 159 (1985) ..............................................................22

*Lindahl v. Office of Pers. Mgmt.*,
  470 U.S. 768 (1985) ..............................................................15

*Magassa v. Mayorkas*,
  52 F.4th 1156 (9th Cir. 2022) ...............................................17

*Markham v. United States*,
  434 F.3d 1185 (9th Cir. 2006)...........................................15

*Miranda v. City of Casa Grande*,
  15 F.4th 1219 (9th Cir. 2021) .........................................18

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)......................................................17

*Ponce v. U.S. Gov't*,
  667 F. App'x 921 (9th Cir. 2016)......................................22

*Pub. Utils. Comm'n v. F.E.R.C.*,
  100 F.3d 1451 (9th Cir. 2007) .........................................20

*Raditch v. United States*,
  929 F.2d 478 (9th Cir. 1991)...........................................18

*Rodriguez v. Donovan*,
  769 F.2d 1344 (9th Cir. 1985).................................7, 16, 17

*Sinclair v. City of Seattle*,
  61 F.4th 674 (9th Cir. 2023) ..........................................13

*Staacke v. U.S. Dep't of Labor*,
  841 F.2d 278 (9th Cir. 1988).......................................15, 16

*United Aeronautical Corp. v. United States Air Force*,
  80 F.4th 1017 (9th Cir. 2023) .........................................13

**Federal Statutes**

Title 5, United States Code,
  Section 8101 ...............................................................4
  Section 8124(b)(1) ........................................................8
  Section 8128 ...............................................................8
  Section 8128(b)......................................................7, 15, 16

Title 28, United States Code,
   Section 1291 ................................................................. 4
   Section 1331 ................................................................. 4

## Federal Rules

Federal Rule of Civil Procedure
   Rule 8(a) ................................................................... 10
   Rule 12(b)(1) .............................................................. 13
   Rule 12(b)(6) .............................................................. 13

## Federal Regulations

Title 20, Code of Federal Regulations
   Section 10.515 ............................................................. 8
   Section 10.607 ............................................................. 8
   Section 10.615 ............................................................. 8
   Section 10.616 ............................................................. 8
   Section 501.2(c) ........................................................... 8
   Section 501.3(e) ........................................................... 8

## INTRODUCTION

Frederick W. Richardson was a custodian with the United States Postal Service when he injured his knee on the job in 1991. The United States Department of Labor's (DOL) Office of Workers' Compensation Program (OWCP) accepted Richardson's claim for benefits under the Federal Employees Compensation Act (FECA), paid his medical expenses for accepted medical conditions, and awarded him total disability benefits, which he is still receiving. A decade after his original injury, Richardson sought to add additional medical conditions and related expenses to his claim. Some of these requests were approved, some were denied, and some remained pending. Unsatisfied with the OWCP's response to his requests to add additional claims, Richardson filed suit in the district court.

Richardson brought suit under the Federal Tort Claims Act (FTCA) against the OWCP and various individual defendants claiming that the OWCP negligently handled his FECA claim in a way that violated his due process rights and caused physical and mental injuries. ER-1465-89. The complaint was dismissed because the FECA expressly prohibits judicial review of the OWCP's benefit determinations unless a complaint

brings constitutional claims that are not "insubstantial." ER-1160-66. The district court found that Richardson's claims pertaining to the OWCP's benefit determinations were precluded because his due process challenges were "insubstantial" as presently alleged. ER-1166.

Richardson filed an amended complaint alleging that his due process rights were violated because the OWCP unreasonably delayed in processing his requests to add additional injuries to his claim (left shoulder and neck injury, atrial fibrillation, and Post-Traumatic Stress Disorder (PTSD)). ER-1116-59.

After he filed the amended complaint, the OWCP denied Richardson's requests to add the additional medical conditions to his claim and issued Richardson appeal rights. ER-48-49, 489-95, 1068. The district court subsequently dismissed the amended complaint, concluding that Richardson's failure to include a demand for relief made it impossible for the court to evaluate whether the OWCP's denial meant that Richardson had received all the relief he could obtain. ER-666-67. Richardson also failed to specify the nature of his claims against the individual defendants, depriving the court of the ability to evaluate whether those claims were cognizable or moot. *Id.*

Richardson then filed a second amended complaint identifying his demand for relief as: $855,000 in damages, "an investigation into how FECA law and its provisions for injured workers were deviated from," recertification and/or training for OWCP personnel, and other relief as the court deemed proper. ER-594-664. Richardson did not specify the nature of his claims against the individual defendants. *Id.*

The district court dismissed the second amended complaint. ER-3-13. It concluded that: (1) the FECA explicitly provides that courts do not have jurisdiction to review claims challenging the merits of the OWCP's benefit determinations; (2) Richardson's due process claim was moot because there was no further relief the court could provide; and (3) Richardson failed to state a claim against the individual defendants. *Id.* Richardson appeals the district court's dismissal of the second amended complaint. ER-1490-94.

## ISSUES PRESENTED

I.  Whether the district court correctly concluded that it lacked subject matter jurisdiction to review Richardson's challenges to the OWCP's benefit determinations.

II. Whether the district court correctly concluded that Richardson's due process claim was moot because there was no further relief the court could provide.

3

III. Whether the district court correctly concluded that Richardson failed to state a claim against the individual defendants.

## STATEMENT OF JURISDICTION

The district court had jurisdiction to consider Richardson's claims under 28 U.S.C. § 1331. The district court granted the United States' Motion to Dismiss on September 29, 2023. ER-3-13. Richardson filed a timely notice of appeal on October 23, 2023. ER-1490-94. This Court's jurisdiction rests on 28 U.S.C. § 1291.

## STATEMENT OF FACTS AND PROCEDURE

### I. Richardson is injured on the job and receives federal workers compensation benefits for 24 years

Richardson, a former custodian with the United States Postal Service, injured his knee on the job in 1991. ER-44, 1269. He filed a claim with the OWCP for benefits under the FECA, 5 U.S.C. § 8101, et seq. ER-44, 1269. The OWCP accepted his claim for several medical conditions, including: (1) a right knee contusion; (2) lumbar vertebra closed dislocation; (3) unspecified internal derangement of the right knee; (4) lower right leg traumatic arthropathy; and (5) degeneration of lumbar or lumbosacral intervertebral disc. ER-45, 1269.

4

The OWCP also later approved Richardson's request to add right knee ankylosis to his FECA claim. ER-1269-71. Between 2010 and 2013, Richardson underwent several right knee medical procedures that the OWCP authorized, including a revision right knee and a total knee arthroplasty on April 25, 2013. ER-1270.

The OWCP has paid Richardson's medical expenses for all accepted medical conditions since the date of injury in 1991. ER-45. The OWCP has also paid Richardson total disability payments since February 1, 2010. *Id.*

## II. Richardson seeks to expand his claim for benefits to add other conditions and related medical expenses

Since 2015, Richardson has made four requests to expand his claim for benefits. First, in January 2016, Richardson requested that atrial fibrillation be added to his claim and to have physical therapy approved. ER-1118. He did not receive a response from the OWCP. *Id.*

Second, in September 2018, Richardson renewed his request to have atrial fibrillation added to his claim and requested the addition of a left shoulder and neck injury and PTSD. ER-1122. The OWCP denied Richardson's request to add PTSD to his claim on October 19, 2018, and directed Richardson to submit requested evidence within 30 days. ER-

1122-23. In November, Richardson responded and reiterated his requests to add the atrial fibrillation, left shoulder and neck injury, and PTSD to his claim, noting that his left shoulder-related requests had not been addressed. ER-1123. He did not receive any further response from the OWCP. *Id.*

Third, in July 2019, Richardson requested authorization for an atrial fibrillation ablation procedure and a "Watchman Device." ER-1123-25. He did not receive a response from the OWCP. *Id.*

Fourth, in July 2019, Richardson requested authorization for left shoulder surgery and, again, for his left shoulder condition to be added to his claim. ER-1124. He did not receive a response from the OWCP. *Id.*

## III.  Richardson files suit in District Court

In June 2020, Richardson initiated an action in the district court. ER-1465-89. Richardson brought suit under the FTCA against the OWCP and various individual defendants claiming that the OWCP negligently handled his FECA claim violating his due process rights and causing physical and mental injuries. ER-1465-85.

The United States moved to dismiss because the FECA prohibits judicial review of the OWCP's benefits determinations unless a complaint

alleges a constitutional violation that is not "insubstantial." ER-1350-63. The district court granted the motion, finding that it lacked subject matter jurisdiction because Richardson's "due process challenges to [the] OWCP's conduct are insubstantial as presently alleged." ER-11560-66 (citing 5 U.S.C. § 8128(b); *Rodriguez v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985)). The court granted Richardson leave to amend related to his claims of "failure to respond to his July 2019 request for authorization for left shoulder surgery," because it could be "possible for [Richardson] to allege a viable due process claim" in that regard. ER-1166.

In September 2021, Richardson filed an amended complaint. ER-1116-59. Richardson detailed his requests to add the following additional medical conditions and related expenses to his FECA claim: (1) atrial fibrillation and physical therapy; (2) left shoulder and neck injury and aggravated PTSD; (3) authorization for an atrial fibrillation ablation procedure and "Watchman Device;" and (4) left shoulder surgery and a left shoulder condition. ER-1118-25. He argued that the OWCP's delay in responding to these requests violated due process. *Id.*

## IV. The OWCP denies Richardson's requests to add the additional medical conditions to his claim

In March 2022, the OWCP denied Richardson's claims for post-op

7

atrial fibrillation and related requests for an atrial fibrillation ablation procedure and a "Watchman device." ER-48-49, 489-95, 1068. The OWCP found that the medical evidence did not support that atrial fibrillation was causally related to Richardson's OWCP-authorized April 25, 2013 right knee surgery. *Id.* The OWCP also denied Richardson's claims for a left shoulder injury, neck injury, PTSD, and left shoulder surgery, which Richardson claimed to have suffered because the OWCP did not authorize physical therapy following his January 18, 2016 total knee replacement surgery. *Id.* As the OWCP did not authorize the January 2016 surgery, it reasoned that physical therapy relating to the surgery would not have been authorized and the left shoulder injury, neck injury and PTSD would not be covered. *Id.* The OWCP issued appeal rights with its March 2022 denials.[1] ER-494-95.

---

[1] If a claimant disagrees with the OWCP's final claims decision, the FECA provides three opportunities for administrative review. From the date of the OWCP decision, the claimant may: (1) within 30 calendar days, request a hearing before an OWCP hearing representative or request that the representative review the written record, 5 U.S.C. § 8124(b)(1), 20 C.F.R §§ 10.615, 10.616; (2) within one calendar year, request reconsideration, 5 U.S.C. § 8128, 20 C.F.R. §§ 10.515, 10.607; or (3) within 180 days, file an appeal with the Employees' Compensation Appeals Board, 20 C.F.R. §§ 501.2(c), 501.3(e).

## V.    The Court dismisses the amended complaint and Richardson files a second amended complaint

In March 2022, the United States moved to dismiss the amended complaint because Richardson had received all the due process he was entitled to given that the OWCP had issued a decision, which included his administrative appeal rights under the FECA. ER-1069-76. Those administrative remedies included an option for Richardson to submit additional medical evidence in support of his request to expand his claim. ER-489-95.

In June 2022, a magistrate judge recommended denying the United States' motion to dismiss, finding that Richardson alleged a years-long delay in the processing of his benefits claim, and "an unreasonably and egregiously lengthy administrative process" can state a "substantial violation of procedural due process[.]" ER-682-91.

The United States objected to the magistrate judge's recommendations. ER-676-80. It argued that even if the delay rose to the level of a due process violation, Richardson's case was moot because Richardson had received all the relief he sought or could obtain in his lawsuit—a decision on his FECA claim. *Id.*

9

The district court rejected the magistrate judge's report and recommendation because the amended complaint failed to identify the relief sought despite Federal Rule of Civil Procedure 8(a)'s requirement to include "a demand for the relief sought[.]" (internal quotation marks omitted). ER-666-69. The court also found that the amended complaint failed to specify the nature or basis of the claims against the individual defendants. *Id.* Thus, the court could not determine whether the claims in the amended complaint were cognizable or moot. *Id.*

The court granted Richardson leave to file a second amended complaint but held that it must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the specific legal claims being raised; and (3) a demand for the relief sought. ER-668-69.

In December 2022, Richardson filed a second amended complaint. ER-594-664. Richardson alleged that the OWCP violated his due process rights repeatedly for approximately seven years by ignoring his requests related to expanding his claim to include additional medical conditions and denied him proper and timely treatment that aggravated and caused physical and mental injuries. ER-598. Richardson sought $855,000 in

damages; an "[i]nvestigation into how the [FECA] law and its provisions for injured workers were deviated from for years by those entrusted to administer it;" recertification and/or training for the responsible parties; and such other relief as the court deemed proper. ER-599. He did not specify the nature of his claims against the individual defendants. ER-594-664.

In February 2023, the United States moved to dismiss Richardson's second amended complaint because: (1) the court lacked jurisdiction to hear Richardson's challenges to the OWCP's denial of his requests to add additional medical conditions to his claim; (2) Richardson's due process claim was moot because the OWCP had issued a decision denying his requests to add additional medical conditions, and issued Richardson administrative appeal rights, thus, there was no further relief the court could provide; and (3) Richardson failed to identify a cognizable legal claim against the individual defendants. ER-552-70.

## VI.  The Court dismisses the second amended complaint and Richardson files a notice of appeal

In September 2023, the district court dismissed the second amended complaint for lack of subject matter jurisdiction and failure to state a claim. ER-3-13. The court found that: (1) the FECA explicitly

provides that courts do not have jurisdiction to review claims challenging the merits of the OWCP's benefit determinations; (2) Richardson's due process claim was moot because there was no further relief the court could provide; and (3) Richardson failed to state a claim against the individual defendants. ER-7-13.

Richardson filed a notice of appeal on October 23, 2023. ER-1490-94. Richardson does not assign error to the district court's findings dismissing the second amended complaint. *Id.* Instead, Richardson sets forth the history of his FECA claim, his requests to add additional medical conditions to his claim, and the OWCP's responses to his requests, and argues that the OWCP's delay in processing his requests rises to the level of a due process violation – the same argument raised in the three complaints filed in the district court. *Id.*

## SUMMARY OF ARGUMENT

The district court correctly dismissed Richardson's second amended complaint for lack of subject matter jurisdiction and for failure to state a claim. The court correctly held that it lacked jurisdiction to review the OWCP's benefit determinations under the clear language of the FECA. The court also correctly held that Richardson's due process claim

pertaining to the OWCP's delay in adjudicating his requests to add additional medical conditions to his claim was moot because the OWCP had issued a decision on Richardson's claim, with administrative appeal rights, and Richardson had been given all the relief he was entitled to under the FECA. There was no further relief the court could provide. Finally, the court correctly held that Richardson failed to state a claim against the individual defendants.

## STANDARD OF REVIEW

This Court reviews de novo a district court's decision to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1021 (9th Cir. 2023). De novo is also the appropriate standard for the Court to review a district court's decision to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).

//

//

//

13

# ARGUMENT

## I. The Court should affirm the dismissal of Richardson's second amended complaint

### A. The district court lacked jurisdiction to review the OWCP's benefit determinations

The district court correctly dismissed Richardson's claims regarding the OWCP's denial of his requests to add additional medical conditions to his claim because it lacked jurisdiction to review the OWCP's benefit determinations under the FECA. Richardson's second amended complaint arguably challenged the OWCP's denial of his requests to add the following additional medical conditions and related expenses to his claim: (1) atrial fibrillation and physical therapy; (2) left shoulder and neck injury and PTSD; (3) authorization for an atrial fibrillation ablation procedure and a "Watchman Device;" and (4) left shoulder surgery and a left shoulder condition. ER-598. Richardson argued that the OWCP denied him "proper and timely treatment/duty of care that aggravated and caused physical and mental injuries." *Id.*

The district court held that although Richardson stated that he only cited the OWCP's ultimate decisions on his requests for benefits as background information, he arguably asserted a claim premised on the

denial of his requests to expand his benefits. ER-7 (citing ER-39). The court correctly held that it lacked jurisdiction to hear this claim. ER-7-8.

The FECA prohibits judicial review of the OWCP's benefit determinations. 5 U.S.C. § 8128(b) ("The action of the Secretary or his designee in allowing or denying a payment . . . is . . . final and conclusive for all purposes with respect to all questions of law and fact; and . . . [is] not subject to review by . . . a court by mandamus or otherwise."); *see also Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006) ("Section 8128(b) explicitly provides that the courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations[.]"); *Czerkies v. U.S. Sec'y of Labor*, 73 F.3d 1435, 1441 (7th Cir. 1996) ("When all that a claimant is seeking is benefits on the basis of an error of fact or law by the administering agency, judicial review is barred altogether.").[2]

---

[2] This Court has noted that the Supreme Court singled out 5 U.S.C. § 8128(b) in dictum as a model preclusion-of-review statute, stating that Congress uses such "unambiguous and comprehensive" language "when [it] intends to bar judicial review altogether." *Staacke v. U.S. Dep't of Labor*, 841 F.2d 278, 281 (9th Cir. 1988) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 779-80 & n.13 (1985)).

15

The OWCP has already accepted Richardson's claim and awarded him total disability benefits for over 24 years. ER-49. The only benefits-related dispute is the OWCP's refusal to expand its acceptance to include additional medical conditions and pay for those medical expenses. The court lacked jurisdiction to hear this claim. 5 U.S.C. § 8128(b). Accordingly, the district court's decision should be affirmed by the Court.

**B.    The district court lacked jurisdiction to review Richardson's due process claim because it was moot**

The district court correctly dismissed Richardson's due process claim as moot because there was no further relief the court could provide. Richardson argued that the OWCP's delay in responding to his requests to add additional medical conditions to his claim rose to the level of a due process violation. ER-598. The court correctly held that the OWCP's March 2022 denials of Richardson's requests, with administrative appeal rights, rendered his due process claim moot. ER-8-12.

Although 5 U.S.C. § 8128(b) precludes judicial review of FECA benefits, this Court has recognized a limited exception to address substantial and cognizable constitutional claims. *See Rodrigues*, 769 F.2d at 1348; *Staacke*, 841 F.2d at 281.

16

Due process requires that the government must provide the affected individual with notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950). But Article III of the Constitution restricts federal courts to deciding only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (explaining that if a claim becomes moot, the Court lacks jurisdiction because there is no longer a live case or controversy as required by Article III of the U.S. Constitution).

Here, the action became moot when the OWCP denied Richardson's requests to add additional medical conditions to his claim with appeal rights because there was no further relief the district court could provide. *See Rodrigues*, 769 F.2d at 1349 ("If reinstatement of benefits pending a hearing is the only relief that Rodrigues seeks and a hearing has been held, it may be that this case is now moot."); *Magassa v. Mayorkas*, 52 F.4th 1156, 1167 (9th Cir. 2022) (the doctrine of standing requires plaintiffs to show that that their injury "is likely to be redressed by a favorable decision" (internal quotation marks omitted)).

First, the district court could not provide Richardson the money damages he sought ($855,000) because the United States has not waived its sovereign immunity for a claim for monetary damages for procedural due process violations. *Czerkies*, 73 F.3d at 1438 ("If [the plaintiff] is seeking damages or other monetary relief he is barred by sovereign immunity[.]").

Second, even if Richardson could establish a due process violation, the district court could only grant him a procedural remedy, not additional benefits or damages. "A violation of procedural rights requires only a procedural correction, not the reinstatement of a substantive right to which the claimant may not be entitled on the merits." *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991); *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1227 (9th Cir. 2021); *see also Czerkies*, 73 F.3d at 1442 (explaining that "a conclusion that the claimant had been denied due process of law [would not] entitle him to benefits. It would entitle him only to a fair procedure for adjudicating his claim to benefits."). The district court correctly held that because the OWCP had already adjudicated Richardson's claim, and he did not seek a procedural remedy, the court could not award him additional benefits or damages. ER-9-10.

18

Third, the district court could not provide Richardson the injunctive relief he sought (an investigation and recertification or training of OWCP employees) because he did not allege a likelihood of future injury. When plaintiffs seek injunctive relief, they must allege some likelihood of future injury. *See City of Los Angeles v. Lyons*, 461 US. 95, 105-06 (1983). The district court correctly found that Richardson did not allege that he had or would be filing additional FECA claims, that if he did so he would again encounter protracted delays, or allege any other basis to suggest a likelihood of future injury. ER-10-11.

The district court also correctly held that Richardson did not argue that any of the exceptions to the mootness doctrine applied, and none of them applied in Richardson's case. ER-11-12. First, the district court correctly held that the voluntary cessation exception did not apply in Richardson's case because, although the OWCP voluntarily ceased the challenged practice (delay), it was not reasonably expected to recur. ER-11. A case is moot following a defendant's voluntary cessation of a challenged practice if subsequent events make it clear that the allegedly wrongful behavior could not reasonably be expected to recur. *See Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 965 (9th Cir. 2007). The

district court correctly held that the OWCP issued a decision on Richardson's claim, Richardson did not allege that he has filed additional claims, and there was no indication that the allegedly wrongful behavior will recur. ER-11.

Second, the district court correctly held that the mootness exception for "wrongs capable of repetition yet evading review" did not apply in Richardson's case for the same reasons. *Id.* (*citing Ctr. for Biological Diversity*, 511 F.3d at 965 ("[T]here must be a reasonable expectation that the same complaining party will be subject to the same injury again" (cleaned up))).

Third, the district court correctly held that the exception to the mootness doctrine, where a plaintiff "would suffer collateral legal consequences if the actions being appealed were allowed to stand," did not apply in Richardson's case because the court was unable to alter the OWCP's benefits determinations even if it were to find a due process violation. ER-11 (*citing Pub. Utils. Comm'n v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 2007)).

Accordingly, the district court's decision to dismiss Richardson's due process claim for lack of subject matter jurisdiction because it was moot should be affirmed by the Court.

### C.    Richardson failed to state a claim against the individual defendants

The district court correctly dismissed Richardson's claims against the individual defendants because he failed to specify the nature or basis of any claims against them. ER-12-13. In its order dismissing Richardson's amended complaint, the court identified several pleading deficiencies, including Richardson's failure to specify the nature and basis of the claims against the named individual defendants. ER-666-69. The court granted Richardson leave to file an amended complaint setting forth a short and plain statement of the specific legal claims being raised. ER-668-69.

Richardson's second amended complaint, however, did not specify whether he was suing the individuals in their personal or official capacities, or identify the nature of the claims against them. ER-594-612. The district court correctly held that either way, Richardson failed to state a claim because: (1) if Richardson was suing the individuals in their official capacities, that claim duplicates the claim against the OWCP and

21

fails for the same reasons because an official-capacity claim is treated as a claim against the entity that employs the individual; and (2) if he was suing them in their individual capacities, there is no *Bivens* cause of action against federal government employees for alleged violations of constitutional rights in adjudicating a claim for FECA benefits.[3] ER-12-13 (*citing Ponce v. U.S. Gov't*, 667 F. App'x 921, 923 (9th Cir. 2016); *Egbert v. Boule*, 596 U.S. 482, 490-91 (2022) (casting doubt on implying new *Bivens* claims); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (no action under Section 1983 for denial of government benefits)).

Richardson's informal opening brief does not challenge the district court's decision to dismiss his claims against the individual defendants on these grounds. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant"). While the opening brief contains allegations that the defendants denied his right to due process, it makes no argument that he can proceed against the individual defendants under *Bivens*, and any such argument would be

---

[3] In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a plaintiff's constitutional rights.

unavailing. Accordingly, this Court should affirm the district court's dismissal of the claims against the individual defendants.

## CONCLUSION

This Court should affirm the district court's order and judgment dismissing Richardson's second amended complaint.

February 5, 2024

Respectfully submitted,

Tessa M. Gorman
United States Attorney
Western District of Washington

/s/ Kristin Johnson
Kristin B. Johnson
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 23-3130

I am the attorney or self-represented party.

**This brief contains** 4,256 **words,** including 0 words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

● complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

　☐ it is a joint brief submitted by separately represented parties.
　☐ a party or parties are filing a single brief in response to multiple briefs.
　☐ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated _____.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Kristin B. Johnson **Date** February 5, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                                                    *Rev. 12/01/22*

## STATEMENT OF RELATED CASES

Counsel for the United States is not aware of any related cases that should be considered with this matter.